17 F.3d 1443
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James B. KING, Director, Office of Personnel Management, Petitioner,
v.
Daino H. JEROME, and Merit Systems Protection Board, Respondents.
 Misc. No. 387.
 United States Court of Appeals, Federal Circuit.
 Jan. 10, 1994.
 
 Before NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ON PETITION FOR REVIEW
 PAULINE NEWMAN, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) petitions this court for review of the Merit Systems Protection Board's (Board) January 4, 1993 order dismissing the Small Business Administration's (SBA) petition for review for failure to comply with the administrative judge's order for interim relief and the Board's October 4, 1993 order denying OPM's petition for reconsideration of the January 4 order. Daino H. Jerome and the Board do not oppose OPM's petition.
 
 
 2
 Briefly, the SBA removed Jerome from his position as a criminal investigator in its Dallas office for unacceptable performance. On appeal to the Board, the administrative judge reversed the SBA's action, noting the hostile relationship between Jerome and his supervisor, and ordered interim relief, i.e., reinstatement, pursuant to 5 U.S.C. Sec. 7701(b). The SBA made a determination pursuant to 5 U.S.C. Sec. 7701(a)(2)(A)(ii)(II)* that keeping Jerome in the Dallas office would be unduly disruptive. The SBA stated:
 
 
 3
 To avoid disruption in the Dallas Field Office and in a good faith effort to provide Appellant with a work environment free of hostility, the Agency is reinstating Appellant to his career appointment and detailing him to the Chicago Field Office.
 
 
 4
 Before the Board, Jerome moved to dismiss the SBA's petition pursuant to 5 CFR Sec. 1201.115(b)(4) ("failure of the agency to submit evidence that it complied with the granting of interim relief ... or that it has provided notification that interim relief will not be granted fully ... will result in the dismissal of the agency's petition or cross petition for review"). Initially, Jerome argued that the SBA had not complied with the AJ's interim relief order when it detailed him to the Chicago office because he could have been detailed to a different position in the Dallas office. Subsequently, Jerome filed a supplemental motion to dismiss asserting that his former supervisor was no longer in the Dallas office but that, instead of returning him to the Dallas office, the SBA extended his detail in Chicago.
 
 
 5
 The Board first stated that it would not look behind an agency's "unduly disruptive" determination, but would hold that determination to a "bad faith" standard of review. The Board determined that while the detail to the Chicago office appeared to have been reasonable initially, the new evidence was sufficient to establish a prima facie showing of bad faith on the part of the SBA. The Board stated:
 
 
 6
 we find that the agency's extension of the appellant's detail, subsequent to Holland's departure from the Dallas Field Office, shows that the agency's stated reason for its undue disruption determination, i.e., the state of hostility between Holland and the appellant, was a pretext.
 
 
 7
 OPM petitioned for reconsideration pursuant to 5 U.S.C. Sec. 7703(d). OPM argued that the Board had no authority to review the agency's determination that returning the appellant to his workplace would be unduly disruptive. Jerome argued that the Board's right to review arises from the Board's power to enforce its orders. The Board agreed, reiterating that it may review an agency's unduly disruptive determination under a bad faith standard of review.
 
 
 8
 OPM petitions this court for review of the Board's order pursuant to 5 U.S.C. Sec. 7703(d). An OPM petition for review is appropriate when OPM determines that the Board erred in interpreting a civil service law, rule, or regulation affecting personnel management and that the Board's decision will have a substantial impact on the administration of the civil service. We agree that this is such a case. See e.g., Horner v. Schuck, 843 F.2d 1368 (Fed.Cir.1988) (it is appropriate to grant OPM's petition for review when interpretation of a statutory or regulatory provision is at issue). Moreover, Jerome and the Board do not oppose the petition.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 OPM's petition for review is granted.
 
 
 
 *
 That section provides that the employee shall be granted interim relief unless the employing agency "determines that the return or presence of such an employee or applicant is unduly disruptive to the work environment."